TATE, Judge.
I respectfully dissent.
The crucial fact to be determined is whether defendant’s car protruded onto the highway when plaintiff was 300 feet distant *75 from the intersection (as defendant testified) or when plaintiff was just 30 feet distant therefrom (as plaintiff testified).
The District Court, who saw and heard the witnesses, denied recovery, thus apparently finding the former version was correct. If so, the judgment should be affirmed, since as the State trooper and almost all witnesses testified, there was more than sufficient room for plaintiff’s car to pass around the front • end of defendant’s car, and his failure to do so when he saw or should have seen defendant protruding, stopped, on the highway from 300 feet distant in my opinion would constitute a proximate cause of the accident, whether due to loosing control because of the loose gravel, excessive speed, or what. He had the last clear chance to avoid the accident.
Of course, if plaintiff’s version of the accident is correct, the majority opinion correctly holds that the sudden entry of defendant’s vehicle in plaintiff’s path'in disregard of the accident was the proximate cause of the accident. I might add this version is the more probable explanation of the accident, based solely on the cold record; but we did not see and -hear the witnesses, as did the District Court.
It seems to mé a fundamental fallacy for appellate courts to substitute possibly fallacious deductions from physical evidence for sworn testimony found credible by the trier of fact. Deductions exist only in our own minds and áre not evidence. And, frankly, it seems to me that the physical results of this accident would most probably be identical, assuming the impact occurred at the same spot with the cars at the same angles, etc., whether plaintiff’s car struck defendant’s after the latter (a) just crawled onto the highway 30 feet in front of plaintiff (as the majority finds) or (b) entered the highway 300 feet in front of plaintiff and immediately stopped after plaintiff’s horn sounded (as the District Court found).
Feeling strongly that the District Court’s determination of factual issues is not manifestly incorrect, I am duty-bound to dissent from the opinion reached by my learned brethren.